**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHNNIE RAY PERAZA, | No. 10-15629 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-00363-JAM-DAD |
| v. | |
| ROSANNE CAMPBELL, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted November 15, 2011
San Francisco, California

Before: THOMAS, GOULD, and BYBEE, Circuit Judges.

California state prisoner Johnnie Ray Peraza appeals the district court's

denial of his 28 U.S.C. § 2254 habeas corpus petition. Peraza contends that he is

entitled to an evidentiary hearing and discovery on three claims for habeas relief:

(1) actual innocence; (2) ineffective assistance of counsel; and (3) prosecutorial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

misconduct.[1]  The district court denied Peraza's request for an evidentiary hearing and discovery.  We have jurisdiction under 28 U.S.C. § 2253.  We affirm.

After the parties filed opening and response briefs but before oral argument, the Supreme Court decided *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388 (2011).  The Court held that "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits" and that "evidence introduced in federal court has no bearing on § 2254(d)(1) review."  *Id.* at 1398, 1400.  Because *Pinholster* "changed the aperture for consideration of new evidence" in federal habeas courts, *Stokely v. Ryan*, 659 F.3d 802, 809 (9th Cir. 2011), we asked the parties to address the significance of *Pinholster* at oral argument.

At oral argument, Peraza's counsel acknowledged *Pinholster*'s constraining effect on § 2254(d)(1) review, but argued his client could get relief nonetheless in challenging the state court procedures.  Because the California Supreme Court rejected each of Peraza's claims on the merits, we conclude that our review under § 2254(d)(1) is limited to the record before the state court.  *See Pinholster*, 131 S. Ct. at 1398.  To the extent that Peraza seeks habeas relief under § 2254(d)(1), a

---

[1] Peraza requests only an evidentiary hearing on his actual innocence claim.

federal evidentiary hearing or expansion of the record would serve no purpose. *See id.* at 1400; *Stokely*, 659 F.3d at 809.

But, citing *Taylor v. Maddox*, 366 F.3d 992 (9th Cir. 2004), Peraza's counsel argued that this case is distinguishable from *Pinholster* because Peraza never received a full and fair hearing on his claims in state court, that is, the state court's factfinding process was defective. Peraza has stressed the state court's denial of a full and fair hearing on Peraza's motion for a new trial. We construe this argument as one that the state court's decision was based on an unreasonable determination of the facts under 28 U.S.C. § 2254(d)(2). *See Woods v. Sinclair*, 655 F.3d 886, 903 (9th Cir. 2011) (citing *Taylor*, 366 F.3d at 999). The record reflects that the trial court offered Peraza conflict-free counsel on his motion for a new trial, informed Peraza of his right to counsel and the consequences of waiver, and gave Peraza the opportunity to call and examine witnesses at the evidentiary hearing on his motion. We conclude that the state court's factfinding process and the factual findings made were not unreasonable, and reject Peraza's § 2254(d)(2) argument. *See id.*

In summary, to the extent Peraza seeks to expand the record through discovery and an evidentiary hearing, beyond what was presented to the state court, we conclude that such relief is precluded by *Pinholster* with regard to any of his

3

claims under § 2254(d)(1).  To the extent that Peraza has challenged the reasonableness of the factfinding process and the factual determinations made in the state courts, we have rejected this claim under § 2254(d)(2).

Peraza's request for judicial notice is granted.

**AFFIRMED.**